# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

        Plaintiff-Appellee,

v

ROLANDO Q ALVARADO,

        Defendant-Appellant.

UNPUBLISHED
March 8, 2016

No.  325121
Kent Circuit Court
LC No.  14-004837-FC

Before:  METER, P.J., and BOONSTRA and RIORDAN, JJ.

PER CURIAM.

Defendant appeals by right his jury trial convictions of assault with intent to murder, MCL 750.83, and carrying a concealed weapon (CCW), MCL 750.227.  The trial court sentenced defendant as a fourth-offense habitual offender, MCL 769.12, to 35 to 70 years' imprisonment for the assault with intent to murder conviction and 35 to 70 years' imprisonment for the CCW conviction.  We affirm.

## I. PERTINENT FACTS AND PROCEDURAL HISTORY

On February 1, 2014, defendant got into a disagreement with Michael Price, with whom he was living, and Price told defendant that he either had to move out or control his drinking. Defendant responded that if he were to move out, he wanted his money back for equipment they had jointly purchased for their siding installation business.  On February 3, 2014, defendant arrived at Price's house demanding the disputed money.  Eventually, Price told defendant to leave and followed defendant as he walked to the door of the home.  As they reached the door, according to Price, defendant told him to give him the money.  Defendant then turned and stabbed Price in the stomach.  A struggle ensued.  There was conflicting testimony at trial about the events that followed.  Price testified that he picked up a baseball bat and swung it at defendant.  The fight moved outside, with defendant swinging the knife at him while he swung the bat at defendant.  Eventually, defendant turned and walked out through a gate in front of Price's home, and Price turned to walk up the porch steps to call 911.  Price claimed that as he stepped on the first step, he was stabbed in the back.  Price turned and swung the bat at defendant, and Price eventually ended up on the ground.  Defendant got on top of Price and stabbed him while he was lying on the ground.  Then defendant left.  According to an eyewitness who observed to portions of the encounter, defendant was stabbing at Price through the doorway of the house, and Price was able to close the door.  Defendant started to leave, but as he reached

-1-

the gate, Price exited the house with a bat. Price swung the bat and hit defendant's knee. Price swung the bat again, but missed defendant and fell to the ground. Once Price was on the ground, defendant got on top of him and stabbed him multiple times.

At trial, the prosecution presented testimony from Price, from the eyewitness, from responders to the scene from the Grand Rapids Police and Fire Departments, and from Dr. Michael Leahy, the trauma surgeon who treated Price at the hospital, and Jana Forner, a Grand Rapids Police Detective, who testified that she visited Price in the hospital and that Price identified defendant from a photographic lineup as his attacker. The defense did not present any evidence or testimony, but defense counsel argued that Price's testimony was not credible in light of the conflicting eyewitness testimony.

Defendant was convicted as described above. Defendant moved this Court to remand the case to the trial court for a *Ginther*[1] hearing on the issue of the effectiveness of his trial counsel, arguing that his counsel was ineffective in failing to introduce portions of Forner's police report, and portions of Price's medical records, to impeach Price regarding his version of the events. This Court denied his motion.[2] This appeal followed, limited to the issue of defense counsel's effectiveness.

## II. STANDARD OF REVIEW

"The question whether defense counsel performed ineffectively is a mixed question of law and fact; this Court reviews for clear error the trial court's findings of fact [if any] and reviews de novo questions of constitutional law." *People v Trakhtenberg*, 493 Mich 38, 47; 826 NW2d 136 (2012), citing *People v Armstrong*, 490 Mich 281, 289; 806 NW2d 676 (2011). Because no evidentiary hearing was held, this Court's review is limited to mistakes apparent on the lower court record. *People v Lockett*, 295 Mich App 165, 186; 814 NW2d 295 (2012), citing *People v Rodriguez*, 251 Mich App 10, 38; 650 NW2d 96 (2002).

## III. ANALYSIS

Defendant contends that he was denied the effective assistance of counsel when defense counsel did not impeach Price with information contained in excerpts of the police report and hospital records. We disagree.

To establish ineffective assistance of counsel, defendant must show:

(1) counsel's performance fell below an objective standard of reasonableness and
(2) but for counsel's deficient performance, there is a reasonable probability that
the outcome would have been different. [*People v Trakhtenberg*, 493 Mich 38,

---

[1] *People v Ginther*, 390 Mich 436, 444-445; 212 NW2d 922 (1973).

[2] *People v Alvarado*, unpublished order of the Court of Appeals, entered September 29, 2015 (Docket No. 325121).

51; 826 NW2d 136 (2012), citing *People v Armstrong*, 490 Mich 281, 290; 806 NW2d 676 (2011).]

"Effective assistance of counsel is presumed, and the defendant bears a heavy burden of proving otherwise." *People v Lockett*, 295 Mich App 165, 187; 814 NW2d 295 (2012). In ruling on claims of ineffective assistance of counsel, we affirmatively consider the range of possible reasons that defense counsel may have proceeded as he did. *People v Gioglio (On Remand)*, 296 Mich App 12, 22; 815 NW2d 589 (2012), vacated in part on other grounds 493 Mich 864 (2012). This Court "will not substitute our judgment for that of defendant's counsel, nor will we use the benefit of hindsight to assess counsel's performance." *People v Unger (On Remand)*, 278 Mich App 210, 258; 749 NW2d 272 (2008). "A particular strategy does not constitute ineffective assistance of counsel simply because it does not work." *People v Matuszak*, 263 Mich App 42, 61; 687 NW2d 342 (2004). However, "[c]ounsel may provide ineffective assistance if counsel unreasonably fails to develop the defendant's defenses by adequately impeaching the witnesses against the defendant." *People v Lane*, 308 Mich App 38, 68; 862 NW2d 446, 465 (2014).

The excerpts of the police report and hospital records that defendant attached to his brief on appeal are not contained in the lower court record. Additionally, because this Court denied his motion to remand, these documents were not made a part of the post-trial record. However, because defendant argues that his counsel's failure to make these documents a part of the lower court record was the basis for his claim of ineffective assistance, we will nonetheless consider them in reviewing his claim. See *People v Payne*, 285 Mich App 181, 190; 774 NW2d 714 (2009) (failure to introduce evidence may be ineffective assistance of counsel if it deprives defendant of a substantial defense).

Our review of the record reveals that defense counsel's cross-examination of Price was adequate to develop defendant's defense that Price was not credible and that defendant did not have the intent to murder the victim. *Lane*, 308 Mich App at 68. Defense counsel questioned Price about the stabbing that Price claimed to have occurred at the bottom of the porch. Toward the end of defense counsel's cross-examination, defense counsel asked Price whether he knew there was an eyewitness to the attack; Price responded that he did not. Defense counsel's trial strategy was clearly to show that Price was not credible. Questioning Price on his recollection to firmly establish his version of the events, and cross-examining the eyewitness regarding discrepancies with Price's account, in an attempt to impeach Price, was sound trial strategy for defense counsel even though it did not work. *Matuszak*, 263 Mich App at 61. Defense counsel's conduct in attempting to impeach Price was not objectively unreasonable. *Lane*, 308 Mich App at 68. Although defendant argues that the police report contained additional information that defense counsel could have used to further impeach Price, counsel is not ineffective in failing to exhaustively impeach a witness on every conceivable point; rather, defense counsel was required to develop defendant's defense by *adequately* impeaching the witnesses against him. *Lane*, 308 Mich App at 68. Moreover, by not questioning Price about his statements to Forner, defense counsel did not risk being seen as bullying Price about a statement he had made in the hospital after receiving surgery to repair the life-threatening injuries he had sustained. This strategy was within the range of possible reasons that defense counsel may have acted as he did. *Gioglio (On Remand)*, 296 Mich App at 22. Therefore, defendant cannot demonstrate that failing to explicitly impeach Price using statements contained in the police report, rather than relying on

his impeachment through the eyewitness's testimony, was not sound trial strategy. *Trakhtenberg*, 493 Mich at 51.

Defendant's argument that defense counsel was ineffective in failing to impeach Price about the length of his hospitalization, or about Price's statement that he saw the tip of the knife protruding from his chest, as reflected in the medical records, is also without merit. First, defendant makes no showing that those portions of the hospital records were admissible at trial, as the length of Price's hospitalization and whether he could see the knife's tip protrude from his chest, arguably were not "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." MRE 401. Second, even assuming the hospital records could have been admitted at least for impeachment purposes, MRE 613(b), nothing in the records attached to defendant's motion to remand or brief on appeal supports defendant's contention that Price was hospitalized for less than one month (as defendant suggests), or that Price could not have seen the tip of the knife protruding from his chest. Additionally, because the hospital records contain numerous statements regarding the seriousness of Price's injuries and the fact that he had sustained several serious wounds to his back, it was sound trial strategy for defense counsel not to provide the jury with additional evidence of Price's injuries. *Gioglio (On Remand)*, 296 Mich App at 22. Therefore, defendant has failed to establish that defense counsel was deficient in this regard so as to overcome the presumption of effective assistance of counsel. *Lockett*, 295 Mich App at 187.

Affirmed.


/s/ Patrick M. Meter
/s/ Mark T. Boonstra
/s/ Michael J. Riordan

-4-